Jeannie Burlsworth, Chair Secure Arkansas Post Office Box 21096 Little Rock, Arkansas 72221
Dear Ms. Burlsworth:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed initiated measure. Your popular name and ballot title are as follows:
 Popular Name AN ACT TO LIMIT THE RECEIPT OF PUBLIC BENEFITS BY PESONS [SIC][1] UNLAWFYULLY [SIC] PRESENT IN THE UNITED STATES
 Ballot Title AN ACT TO LIMIT THE RECEIPT OF PUBLIC BENEFITS BY PERSONS UNLAWFULLY PRESENT IN THE UNITED STATES; PROVIDING THAT, EXCEPT AS PROVIDED IN THE ACT OR WHEN EXEMPTED BY FEDERAL LAW, EVERY STATE AGENCY OR POLITICAL SUBDIVISION SHALL VERIFY THE LAWFUL PRESENCE IN THE UNITED STATES OF ANY PERSON FOURTEEN (14) YEARS OF AGE OR OLDER WHO HAS APPLIED FOR A STATE OR LOCAL PUBLIC BENEFIT OR FOR A FEDERAL PUBLIC BENEFIT THAT IS ADMINISTERED BY A STATE AGENCY OR A *Page 2 
POLITICAL SUBDIVISION; PROVIDING THAT THE ACT SHALL BE ENFORCED WITHOUT REGARD TO RACE, RELIGION, GENDER, ETHNICITY, OR NATIONAL ORIGIN; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE UNDER THE ACT SHALL NOT BE REQUIRED FOR ANY PURPOSE FOR WHICH LAWFUL PRESENCE IN THE UNITED STATES IS NOT RESTRICTED BY LAW, ORDINANCE, OR REGULATION; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE UNDER THE ACT SHALL NOT BE REQUIRED FOR ASSISTANCE FOR HEALTH CARE ITEMS AND SERVICES THAT ARE NECESSARY FOR THE TREATMENT OF AN EMERGENCY MEDICAL CONDITION OF THE PERSON INVOLVED AND ARE NOT RELATED TO AN ORGAN TRANSPLANT PROCEDURE; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE UNDER THE ACT SHALL NOT BE REQUIRED FOR SHORT-TERM, NONCASH, IN-KIND EMERGENCY DISASTER RELIEF; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE UNDER THE ACT SHALL NOT BE REQUIRED FOR PUBLIC HEALTH ASSISTANCE FOR IMMUNIZATIONS WITH RESPECT TO DISEASES AND FOR TESTING AND TREATMENT OF SYMPTOMS OF A COMMUNICABLE DISEASE WHETHER OR NOT THE SYMPTOMS ARE CAUSED BY A COMMUNICABLE DISEASE; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE UNDER THE ACT SHALL NOT BE REQUIRED FOR PROGRAMS, SERVICES, OR ASSISTANCE SUCH AS SOUP KITCHENS, CRISIS COUNSELING AND INTERVENTION AND SHORT-TERM SHELTERS SPECIFIED BY THE UNITED STATES ATTORNEY GENERAL THAT DELIVER IN-KIND SERVICES AT THE COMMUNITY LEVEL, DO NOT CONDITION THE PROVISION OF ASSISTANCE, THE AMOUNT OF ASSISTANCE PROVIDED, OR THE COST OF ASSISTANCE PROVIDED ON THE INCOME OR RESOURCES OF THE INDIVIDUAL RECIPIENT, AND ARE NECESSARY FOR THE PROTECTION OF LIFE OR SAFETY; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE UNDER THE *Page 3 
ACT SHALL NOT BE REQUIRED FOR PRENATAL CARE; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE UNDER THE ACT SHALL NOT BE REQUIRED FOR ENROLLMENT IN A PUBLIC SCHOOL DISTRICT; PROVIDING THAT AN APPLICANT FOR A STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT SHALL EXECUTE AN AFFIDAVIT UNDER PENALTY OF PERJURY THAT HE OR SHE IS A UNITED STATES CITIZEN OR A QUALIFIED ALIEN UNDER THE IMMIGRATION AND NATIONALITY ACT AND IS LAWFULLY PRESENT IN THE UNITED STATES; PROVIDING THAT ELIGIBILITY FOR BENEFITS SHALL BE MADE THROUGH THE SYSTEMATIC ALIEN VERIFICATION OF ENTITLEMENTS PROGRAM OPERATED BY THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY OR A SUCCESSOR PROGRAM DESIGNATED BY THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; PROVIDING THAT UNTIL THE ELIGIBILITY VERIFICATION IS MADE, THE AFFIDAVIT MAY BE PRESUMED TO BE PROOF OF LAWFUL PRESENCE FOR THE PURPOSES OF THE ACT; PROVIDING THAT EACH STATE AGENCY OR POLITICAL SUBDIVISION SHALL DOCUMENT AND MAINTAIN THE TYPES OF BENEFITS AND DOLLAR AMOUNT OF BENEFITS PROVIDED TO PERSONS WHO ARE FOUND TO BE PRESENT IN THE UNITED STATES UNLAWFULLY; PROVIDING THAT ANY PERSON WHO KNOWINGLY MAKES A FALSE, FICTITIOUS, OR FRAUDULENT STATEMENT OF REPRESENTATION IN AN AFFIDAVIT EXECUTED UNDER THE ACT IS SUBJECT TO CRIMINAL PENALTIES APPLICABLE IN THE STATE OF ARKANSAS FOR FRAUDULENTLY OBTAINING PUBLIC BENEFITS; PROVIDING THAT IF THE AFFIDAVIT CONSTITUTES A FALSE CLAIM OF UNITED STATES CITIZENSHIP, A COMPLAINT SHALL BE FILED BY THE STATE AGENCY OR POLITICAL SUBDIVISION REQUIRING THE AFFIDAVIT WITH UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; PROVIDING THAT A *Page 4 
STATE AGENCY OR POLITICAL SUBDIVISION MAY ADOPT VARIATIONS TO THE ACT THAT DEMONSTRABLY IMPROVE THE EFFICIENCY OR REDUCE DELAY IN THE VERIFICATION PROCESS OR TO PROVIDE FOR ADJUDICATION OF UNIQUE INDIVIDUAL CIRCUMSTANCES WHEN THE VERIFICATION PROCEDURES IN THE ACT WOULD IMPOSE UNUSUAL HARDSHIP ON A LEGAL RESIDENT OF ARKANSAS; PROVIDING THAT IT IS UNLAWFUL FOR ANY STATE AGENCY OR POLITICAL SUBDIVISION TO PROVIDE ANY STATE OR LOCAL PUBLIC BENEFIT OR FEDERAL PUBLIC BENEFIT IN VIOLATION OF THE ACT; PROVIDING THAT EACH STATE AGENCY OR POLITICAL SUBDIVISION THAT ADMINISTERS ANY PROGRAM OF STATE OR LOCAL PUBLIC BENEFITS SHALL PROVIDE AN ANNUAL REPORT TO THE ATTORNEY GENERAL OF THE STATE OF ARKANSAS AND THE GENERAL ASSEMBLY CONCERNING COMPLIANCE WITH THE ACT, INCLUDING WITHOUT LIMITATION THE TYPES AND DOLLAR AMOUNT OF BENEFITS PROVIDED TO PERSONS WHO ARE FOUND TO BE PRESENT IN THE UNITED STATES UNLAWFULLY AS DOCUMENTED UNDER THE ACT; PROVIDING THAT EACH STATE AGENCY AND POLITICAL SUBDIVISION THAT ADMINISTERS ANY PROGRAM OF STATE OR LOCAL PUBLIC BENEFITS OR FEDERAL PUBLIC BENEFITS SHALL MONITOR THE SYSTEMATIC ALIEN VERIFICATION FOR ENTITLEMENTS PROGRAM FOR APPLICATION VERIFICATION ERRORS AND SIGNIFICANT DELAYS AND SHALL PROVIDE A REPORT ON THOSE ERRORS AND DELAYS, ALONG WITH ANY RECOMMENDATIONS, TO THE ATTORNEY GENERAL OF THE STATE OF ARKANSAS, THE GENERAL ASSEMBLY, AND THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; PROVIDING THAT AN INDIVIDUAL WHO IS NOT LAWFULLY PRESENT IN THE UNITED STATES SHALL NOT BE ELIGIBLE ON THE BASIS OF RESIDENCE WITHIN THE STATE FOR ANY *Page 5 
POSTSECONDARY EDUCATION BENEFIT, INCLUDING WITHOUT LIMITATION SCHOLARSHIPS OR FINANCIAL AID, AND RESIDENT TUITION; PROVIDING THAT THE INITIAL ISSUANCE OF ANY VEHICLE REGISTRATION OR CERTIFICATE OF TITLE SHALL NOT BE MADE UNLESS THE APPLICANT PRESENTS AT THE TIME OF APPLICATION A VALID ARKANSAS DRIVER'S LICENSE OR AN ARKANSAS IDENTIFICATION CARD; PROVIDING THAT THE PRESENTATION OF A VALID ARKANSAS DRIVER'S LICENSE OR AN ARKANSAS IDENTIFICATION CARD WHEN APPLYING FOR VEHICLE REGISTRATION OR A CERTIFICATE OF TITLE IS SUPPLEMENTAL TO OTHER ARKANSAS LAWS; AND PROVIDING THAT THE ACT SHALL BECOME EFFECTIVE ON JULY 4, 2009
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434,29 S.W.3d 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the *Page 6 
proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed act. See Arkansas Women's PoliticalCaucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938
(1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990);Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, supra. The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v.McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial.Becker v. *Page 7 McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed act, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. Some additions or changes to your popular name and ballot title may be necessary in order to more fairly and correctly summarize your proposal. Specifically, with regard to the popular name, I note that it gives the impression that the proposed act will deny benefits that are currently being provided to persons unlawfully present in the United States. This may lend partisan coloring to the popular name. It also may be incorrect to the extent it fails to acknowledge that access to many public benefits by undocumented immigrants is currently restricted by federal law. It may therefore be necessary to revise the popular name in order to ensure that it accurately identifies the measure. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of certain ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. Subsection (d)(1) of Section 1 states that "[v]erification of lawful presence under this section shall not be required for [a]ny purpose for which lawful presence in the United States is not restricted by law, ordinance, or regulation." The converse of this statement implies that verification is required for any purpose for which lawful presence in the United States is restricted "by law, ordinance, or regulation." However, the proposed measure does not identify or otherwise elaborate upon what these purposes might be, and I am uncertain what this could encompass. Specifically, it is unclear whether "verification of lawful presence" may be required pursuant to this measure for some purpose other than application for public benefits. I note in this regard that the phrase "verification of lawful presence under this section" appears to refer to the process under subsections (e) and (f), which involves execution of an *Page 8 
affidavit and subsequent verification through the "Systematic Alien Verification of [sic] Entitlements Program."[2] Under the proposed act, this "eligibility verification" (see subsection (f)(2)) applies to persons over age 14 who apply for a "state or local public benefit" or for a "federal public benefit that is administered by a state agency or a political subdivision." See subsection (b). This further contributes to my uncertainty regarding the scope of what may be implied by the converse of subsection (d)(1).
 2. Subsection (e) of Section 1, regarding "verification of lawful presence," requires the affiant's statement that he or she is: 1) a U.S. citizen, or 2) a "[q]ualified alien under the Immigration and Nationality Act and is lawfully present in the United States." The proposed act does not define "qualified alien," nor is the term separately defined in the Immigration and Nationality Act. However, it is defined under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. No. 104-193
(codified in part in U.S.C., Titles 5, 7, 8, 21, 25, 42), in connection with access to public benefit programs. See 8 U.S.C. § 1641(b). If this is the controlling definition of "qualified alien" for purposes of your proposed measure, this should be clarified for proper reflection in the ballot title.
 3. Additionally in this regard, according to my review one who meets the definition of "qualified alien" under 8 U.S.C. § 1641(b) will necessarily be lawfully present in the United States. If 8 U.S.C. § 1641(b) is the controlling definition, I am somewhat uncertain whether the attestation under subsection (e) of your proposed act concerning lawful presence in the U.S. constitutes an additional eligibility requirement. I am consequently unable to determine whether the proposed measure has been properly summarized in this regard. *Page 9 
 4. Subsection (f)(2) of Section 1 provides, with regard to the required affidavit and the verification of eligibility for benefits, that "until the eligibility verification is made, the affidavit may be presumed to be proof of lawful presence for the purposes of this section." (Emphasis added). This provision is ambiguous in several respects. First, the effect of the presumption is not entirely clear. If the intent is to authorize benefits pending the "eligibility verification," this must be clearly stated for proper summarization in a ballot title. Some uncertainty also arises from the word "may" in this subsection. This word connotes discretion, suggesting that a state agency or political subdivision can decide whether to provide benefits on a case-by-case basis pending the verification of eligibility. Without textual clarification, however, I am unable to determine the intent and therefore cannot summarize this provision in a ballot title.
 5. Subsection (i) of Section 1 provides that "[a] state agency or political subdivision may adopt variations to this section" (emphasis added) to improve the verification process or address hardship concerns. The proposed act does not otherwise address the scope of any such "variations," nor does it indicate who would decide whether the criteria or conditions under subsection (i) are met so as to justify the variation(s). Because this could potentially open the door to extensive revision of the verification process outlined in the proposed act, I believe it may be a significant matter for the voter. The ambiguities prevent me, however, from summarizing this subsection in a ballot title.
 6. According to subsection (j) of Section 1, "[i]t is unlawful for any state agency or political subdivision to provide any state or local public benefits or federal public benefits in violation of this section." While it would seem that providing benefits without obtaining the required affidavit would probably constitute a violation, I am uncertain what other circumstances might give rise to a violation. For instance, would it be a violation if benefits were provided based *Page 10 
on the affidavit but it was later determined that the person was ineligible?
In addition to noting the above recited ambiguities in the text of your proposed measure, which have prompted me to reject your proposed popular name and ballot title, I am obliged to note that your ballot title as written would be deficient even if these ambiguities did not exist. As noted above, a ballot title must disclose information contained in a measure that might give a reasonable voter serious grounds for reflection — information that in my opinion has not been disclosed in your ballot title as currently drafted. Specifically, I note with regard to the affected "benefits" that the proposed ballot title refers only to the terminology "state or local public benefit" and "federal public benefit," without conveying the meaning of these terms to the voters, other than identifying those benefits for which verification is not required. Similarly, your ballot title uses the term "qualified alien," consistent with the proposed act, but does not apprise the voter of the meaning of the term. In my opinion, the ballot title you have presented is wholly deficient in these respects. I believe it must be revised to include essential facts about the affected "public benefits," and to give the voter some idea of to whom the term "qualified alien" refers.
In redesigning the ballot title, however, you must also be on notice that the length of the current proposed ballot title, which contains 923 words, is troublesome. The longest ballot title ever approved by the Arkansas Supreme Court contained 994 words, which summarized the substance of the voter-initiated Tobacco Settlement Proceeds Act.Walker v. Priest, 342 Ark. 410, 29 S.W.3d 657 (2000). In approving that ballot title, however, the court stressed that its substance had already been widely publicized. Id. at 420. The court further stated that the ballot title at issue "staked out the outer limits for length and complexity." Id. at 426. In this regard, I should note that the court has in the past stricken as too lengthy and complicated ballot titles shorter than the one you have currently submitted. See, e.g., Scott v.Priest, 326 Ark. 328, 932 S.W.2d 746 (1996) (550-word title not invalid on length alone, but this factor plus serious omissions defeated title);Christian Civic Action Committee v. McCuen, supra (709-word title struck down with length as a major factor when viewed in light of other defects); and Dust v. Riviere, 277 Ark. 1, 638 S.W.2d 663 (1982) (727-word title invalid as too lengthy, complex, misleading and confusing). *Page 11 
In my opinion, the length of your proposed ballot title is a cause for concern based on this precedent. Your measure is very complex and I appreciate that the length of the current ballot title in part reflects this complexity. In my opinion, however, the ballot title you have submitted is unnecessarily lengthy, in that it essentially simply repeats each provision of the proposed act and reflects no apparent effort to identify the most substantive and important provisions. Should you revise and resubmit your measure to address the ambiguities and other matters noted above, your ballot title should more judiciously recite the act's important features in an effort to avoid being inordinately detailed and lengthy.
I must nevertheless also warn you of the particular hazards attendant to the ballot title of a lengthy and complex proposal such as yours. The ballot title for such a measure must avoid both the danger of being too lengthy and the danger of having serious omissions. More specifically, the title cannot be so lengthy as to cause voters to violate the voting booth time limitations, yet it must not omit any of the proposed measure's important factors. For this reason, I must point out that with any proposed amendment of considerable length and complexity such as yours, the sponsor runs the risk of a challenge and of a finding by the court that the ballot title is unacceptable, either because it is too "complex, detailed, and lengthy," or because it has "serious omissions."See, e.g., Page v. McCuen, 318 Ark. 342, 884 S.W.2d 951, (1994). Seealso Walker v. Priest, supra.
Finally, I should emphasize that my office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, supra. Furthermore, the Court has recently confirmed that a proposed act or constitutional amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the *Page 12 
confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v.Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed act, along with a proposed popular name and ballot title, at your convenience. I anticipate that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Please note the misspelling of "persons" and "unlawfully."
[2] This should read "Systematic Alien Verification For Entitlements Program." (Emphasis added). *Page 1